## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

NORTHLAND INSURANCE a/a/o J.D. )
DISTRIBUTING COMPANY, )
 )
   Plaintiff, )
 )
    v. ) Case No. *19 — 188*
 )
KEVIN BACHMANN and BACHMANN )
FARMS, INC., )
 )
   Defendants. ) JURY TRIAL DEMANDED
 )
 )

## PETITION FOR DAMAGES

NOW COMES the Plaintiff, NORTHLAND INSURANCE, as assignee of J.D. DISTRIBUTING COMPANY, by and through its attorneys, THOMPSON, BRODY & KAPLAN, LLP, and for its Petition for Damages against the Defendants, KEVIN BACHMANN and BACHMANN FARMS, INC., states as follows:

### NATURE OF ACTION

1. This is an action for damages against the Defendants, KEVIN BACHMANN and BACHMANN FARMS, INC., arising out of a motor vehicle collision (the "Collision") which took place on March 24, 2015 on Interstate 55 in St. Genevieve County, Missouri between a vehicle operated by Plaintiff's insured, J.D. DISTRIBUTING COMPANY, and a vehicle operated by the Defendants.

## PARTIES

2.     At all times relevant hereto, the Plaintiff's insured, J.D. DISTRIBUTING COMPANY ("JD Distributing"), was an Illinois corporation with its principal place of business located at 2860 North 45th Street, Fairmont City, Illinois, and was engaged in freight hauling and did business in Missouri.

3.     At all times relevant, the Plaintiff, NORTHLAND INSURANCE, was an insurance company incorporated in the State of Connecticut with its principal place of business at One Tower Square in Hartford, Connecticut, 06183, and was licensed to do business in the State of Missouri and to issue cargo insurance policies to companies which did business in Missouri, such as JD Distributing.

4.     At all times relevant, JD Distributing purchased and maintained a cargo insurance policy from Northland Insurance (Policy No. 21 WF 005712), which provided coverage to JD Distributing's cargo, and this policy was in full force and effect on March 24, 2015.

5.     At all times relevant, the Defendant, BACHMANN FARMS, INC. ("Bachmann Farms") was a Missouri corporation with its principal place of business located at 21003 Highway C, Perryville, Missouri, 63775.

6.     At all times relevant, the Defendant, KEVIN BACHMANN ("Mr. Bachmann"), was an individual who, upon information and belief, resides in Perryville, Missouri.

7.     At all times relevant hereto, Kevin Bachmann was an agent of Bachmann Farms and, upon information and belief, the owner and operator of Bachmann Farms.

## JURISDICTION

8.      Pursuant to 28 U.S.C. § 1332(c)(1), the Plaintiff, NORTHLAND INSURANCE, is deemed a citizen of the State of Connecticut as it was incorporated in the State of Connecticut and maintains a principal place of business at One Tower Square, Hartford, Connecticut, 06183.

9.      Pursuant to 28 U.S.C. § 1332(c)(1), the Defendant, BACHMANN FARMS, INC., is deemed a citizen of the State of Missouri as it was incorporated in the State of Missouri and maintains its principal place of business at 21003 Highway C, Perryville, Missouri, 63775.

10.     Pursuant to 28 U.S.C. § 1332(c)(1), the Defendant, KEVIN BACHMANN, is deemed a citizen of the State of Missouri as he is a resident of the State of Missouri.

11.     Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over this action by virtue of the complete diversity of citizenship between the parties and since the amount in controversy exceeds $75,000.00 (Plaintiff alleges damages in the amount of $309,267.90, exclusive of interest and costs).

## VENUE

12.     Pursuant to 28 U.S.C. § 1391, venue is proper in this District because the Collision occurred in St. Genevieve County, Missouri and, therefore, a substantial part of the events giving rise to the claims forming the basis of this lawsuit occurred in this District.

## FACTUAL ALLEGATIONS

13.     At all times relevant hereto, Bachmann Farms owned a Freightliner Corporation truck (the "Bachmann truck").

14.     On or about March 24, 2015, Mr. Bachmann was driving the Bachmann truck northbound on Interstate 55 in St. Genevieve County, Missouri.

15.     Mr. Bachmann was driving the Bachmann truck in the scope of his employment with and as an agent of Bachmann Farms.

16.    On the same date, Kevin L. Wright was driving a tractor-trailer owned by JD Distributing (the "JD Distributing truck") northbound on Interstate 55 in St. Genevieve County, Missouri.

17.    On or about March 24, 2015, a Collision occurred between the JD Distributing truck and the Bachmann truck.

18.    The Collision occurred early in the morning while it was still dark outside.

19.    The weather was clear when the Collision occurred.

20.    There were no highway lights where the Collision occurred.

21.    At the time of the Collision, the Bachmann truck was fully-laden with bales of hay.

22.    At the time of the Collision, the Bachmann truck had a three-foot long extension attached to its rear which was also loaded with bales of hay.

23.    The extension obscured the Bachmann truck's rear lights from the view of motor vehicles behind it, including the JD Distributing truck, such that no lights on the Bachmann truck were visible.

24.    The speed limit at the location of the Collision was 70 miles per hour, with a minimum speed limit of 40 miles per hour.

25.    At the time of the Collision, the Bachmann truck was driving at a speed of less than 40 miles per hour.

26.    Prior to and at the time of the Collision, the Bachmann truck did not have its emergency flashers on or any other indicator or warning of its slow speed or extension.

27.    As a result of the slow speed and obscured visibility of the Bachmann truck and its extension, the JD Distributing truck collided with the rear of the Bachmann truck.

28.    As a direct and proximate result of the Collision, the JD Distributing truck veered off the highway.

29.    As a direct and proximate result of the Collision, a fuel leak occurred in the JD Distributing truck.

30.    As a direct and proximate result of the Collision and the fuel leak, the JD Distributing truck caught fire.

31.    At the time of the Collision, the JD Distributing truck was carrying ammunition as cargo.

32.    The fire set off the ammunition cargo.

33.    As a direct and proximate result of the Collision and the fire setting off the ammunition, the JD Distributing truck, its trailer, and its cargo were totally destroyed.

34.    As a direct and proximate result of the Collision, the area of the crash site had to be remediated and cleaned for leftover ammunition.

35.    As a result of the destruction of the cargo and remediation costs, JD Distributing summitted a claim to Northland Insurance (Claim No. C424830) and requested payment for the lost cargo and cleanup costs in the amount of $309,267.90 (including the $2,500.00 deductible).

36.    Northland Insurance thereby became obligated to pay and did pay for the damages in the amount of $309,267.90 (including the $2,500.00 deductible).

37.    By virtue of its payments, Northland Insurance has become subrogated to the rights of its insured to the extent of the damages paid on this claim.

38.    JD Distributing transferred and assigned to Northland Insurance the right to pursue and recover the amount paid by Northland Insurance to JD Distributing under Claim No. C424830, including all legal and beneficial rights, title, interest in, and rights of recovery against all responsible parties, including Kevin Bachmann and Bachmann Farms. See **Exhibit A**, executed Assignment.

## COUNT I
## NEGLIGENCE
## (KEVIN BACHMANN)

1-38.    The Plaintiff hereby restates and realleges Paragraphs 1 through 38 of the Complaint as Paragraphs 1 through 38 of Count I, as though fully set forth herein.

39.    At all times relevant, Kevin Bachmann had a duty to operate the Bachmann truck with reasonable and due care and to refrain from operating it in a careless or negligent manner.

40.    At all times relevant, Kevin Bachmann had a duty to obey all traffic laws and minimum speed limits while operating the Bachmann truck.

41.    At all times relevant, Kevin Bachmann had a duty to alert other motor vehicles of the presence and slow speed of the Bachmann truck, such as by placing reflective warning triangles, warning lights, conspicuity tape or other warning devices on the rear-facing side of the Bachmann truck or turning on its emergency flashers, so that the Bachmann truck would be visible to motor vehicles traveling behind it, such as the JD Distributing truck.

42.    At all times relevant, Kevin Bachmann had a duty not to obscure the rear lights of the Bachmann truck from the view of motor vehicles traveling behind it, such as the JD Distributing truck.

43.    At all times relevant, Kevin Bachmann had a duty not to overload the Bachmann truck such that it was unable to maintain the posted speed limits.

44.    At all times relevant, Kevin Bachmann had a duty to comply with Mo. Ann. Stat § 304.011, which requires that drivers on Missouri highways not drive so slowly so as to impact the normal and reasonable movement of traffic and to maintain a speed not less than forty miles per hour.

45.    At all times relevant, Kevin Bachmann had a duty to comply with Mo. Ann. Stat § 304.012, which requires that drivers on Missouri highways drive at a rate of speed which does not to endanger the life, limb, or property of others.

46.    At all times relevant, Kevin Bachmann had a duty to comply with Mo. Ann. Stat § 307.020, which requires drivers to have lighted lamps on their vehicle while operating during a half-an-hour from sunset and half-an-hour before sunrise.

47.    At all times relevant, Kevin Bachmann had a duty to comply with Mo. Ann. Stat § 307.040, which requires that vehicles have lighted lamps during any time lighted lamps are required.

48.    At all times relevant, Kevin Bachmann had a duty to comply with Mo. Ann. Stat § 307.075, which requires that every motor vehicle be equipped with at least two rear lamps which, when lighted, exhibit a red light plainly visible from a distance of five hundred feet to the rear.

49.    Notwithstanding the aforementioned duties, Kevin Bachmann breached his duties and committed one or more of the following negligent acts and/or omissions:

    a.    Failed to maintain the minimum speed limit of the highway;

    b.    Failed to place warning triangles, warning lights, conspicuity tape, emergency flashers or other warning devices on the Bachmann truck in such as manner so as to alert other drivers of the Bachmann truck's presence on the highway and slow speed;

    c.    Obscured the rear lights of the Bachmann truck through the use of three-foot extensions to the trailer;

    d.    Drove with a fully-loaded trailer such that he was unable to maintain the minimum speed limit of the highway;

e.      Failed to comply with Mo. Ann. Stat § 304.011 by driving so slowly such that the Bachmann truck impeded or blocked the normal movement of traffic and by driving at a speed of less than forty miles per hour on a highway;

f.      Failed to comply with Mo. Ann. Stat § 304.012 by driving at a rate of speed which endangered the life, limb, or property of another;

g.      Failed to comply with Mo. Ann. Stat § 307.020 by failing to have visible lighted lamps on the Bachmann truck at least half-an-hour before sunrise;

h.      Failed to comply with Mo. Ann. Stat § 307.040 by driving the Bachmann truck without visible lighted lamps during a time in which lighted lamps are required;

i.      Failed to comply with Mo. Ann. Stat § 307.075 by failing to have the Bachmann truck equipped with at least two rear lamps which exhibited a red light plainly visible from a distance of five hundred feet to the rear; and

j.      Was otherwise careless and/or negligent in improperly operating the Bachmann truck.

50.     As a direct and proximate result of Mr. Bachmann's careless and/or negligent acts, the Collision occurred and the Plaintiff, Northland Insurance, incurred the aforementioned damages in the amount of $309,267.90.

WHEREFORE, the Plaintiff, NORTHLAND INSURANCE, as subrogee of J.D. DISTRIBUTING COMPANY, respectfully requests that this Honorable Court enter Judgment in its favor and against KEVIN BACHMANN, for an amount of $309,267.90 (including the $2,500.00 deductible) or in an amount which the jury determines to be the full and fair compensation for its losses, expenses, damages, and for the costs of this suit, and for all other relief that this Court deems just.

## COUNT II
## NEGLIGENCE
## (BACHMANN FARMS, INC.)

1-50.    The Plaintiff hereby restates and realleges Paragraphs 1 through 50 of the Complaint as Paragraphs 1 through 50 of Count II, as though fully set forth herein.

51.    At all times relevant, Bachmann Farms had a duty to ensure that the Bachmann truck was operated with reasonable and due care and to ensure that it was not operated in a careless or negligent manner.

52.    At all times relevant, Bachmann Farms had a duty to ensure the operator of the Bachmann truck obeyed all traffic laws and minimum speed limit while operating the Bachmann truck.

53.    At all times relevant, Bachmann Farms had a duty to alert other motor vehicles of the presence and slow speed of the Bachmann truck while it was being operated, such as by placing reflective warning triangles, warning lights, conspicuity tape or other warning devices on the rear-facing side of the Bachmann truck or turning on its emergency flashers, so that the Bachmann truck would be visible to motor vehicles traveling behind it, such as the JD Distributing truck.

54.    At all times relevant, Bachmann Farms had a duty not to obscure the rear lights of the Bachmann truck from view so that the Bachmann truck would be visible to motor vehicles traveling behind it, such as the JD Distributing truck.

55.    At all times relevant, Bachmann Farms had a duty not to overload the Bachmann truck such that it was unable to maintain the posted speeds limits.

56.    At all times relevant, Bachmann Farms had a duty to comply with Mo. Ann. Stat § 304.011, which requires that drivers on Missouri highways not drive so slowly so as to impact the normal and reasonable movement of traffic and to maintain a speed not less than forty miles per hour.

57.     At all times relevant, Bachmann Farms had a duty to comply with Mo. Ann. Stat §
304.012, which requires that drivers on Missouri highways drive at a rate of speed which does not
to endanger the life, limb, or property of others.

58.     At all times relevant, Bachmann Farms had a duty to comply with Mo. Ann. Stat §
307.020, which requires drivers to have lighted lamps on their vehicle while operating during a
half-an-hour from sunset and half-an-hour before sunrise.

59.     At all times relevant, Bachmann Farms had a duty to comply with Mo. Ann. Stat §
307.040, which requires that vehicles have lighted lamps during any time lighted lamps are
required.

60.     At all times relevant, Bachmann Farms had a duty to comply with Mo. Ann. Stat §
307.075, which requires that every motor vehicle be equipped with at least two rear lamps which,
when lighted, exhibit a red light plainly visible from a distance of five hundred feet to the rear.

61.     Notwithstanding the aforementioned duties, Bachmann Farms breached its duties
and committed one or more of the following negligent acts and/or omissions:

   a. Failed to maintain the minimum speed limit of the highway;

   b. Failed to place warning triangles, warning lights, conspicuity tape,
emergency flashers or other warning devices on the Bachmann truck in such as manner
so as to alert other drivers of the Bachmann truck's presence on the highway and slow
speed;

   c. Obscured the rear lights of the Bachmann truck through the use of three-
foot extensions to the trailer;

   d. Allowed Mr. Bachmann to operate the Bachmann truck in such a condition
that it was not properly visible to, and did not have the requisite and necessary

lamps, lights, and warnings, to alert other motor vehicles traveling behind it of its presence and slow speed;

e.      Failed to comply with Mo. Ann. Stat § 307.020 by failing to have visible lighted lamps on the Bachmann truck at least half-an-hour before sunrise;

f.      Failed to comply with Mo. Ann. Stat § 307.040 by allowing the Bachmann truck to be driven without visible lighted lamps during a time in which lighted lamps are required;

g.      Failed to comply with Mo. Ann. Stat § 307.075 by failing to have the Bachmann truck equipped with at least two rear lamps which exhibited a red light plainly visible from a distance of five hundred feet to the rear; and

h.      Was otherwise careless and/or negligent in improperly operating the Bachmann truck.

62.    As a direct and proximate result of Bachmann Farm's careless and/or negligent acts or omissions, the Collision occurred and the Plaintiff, Northland Insurance, incurred the aforementioned damages in the amount of $309,267.90.

WHEREFORE, the Plaintiff, NORTHLAND INSURANCE, as subrogee of J.D. DISTRIBUTING COMPANY, respectfully requests that this Honorable Court enter Judgment in its favor and against BACHMANN FARMS, INC., for an amount of $309,267.90 (including the $2,500.00 deductible) or in an amount which the jury determines to be the full and fair compensation for its losses, expenses, damages, and for the costs of this suit, and for all other relief that this Court deems just.

## COUNT III
## NEGLIGENCE – RESPONDEAT SUPERIOR
## (BACHMANN FARMS, INC.)

1-62.   The Plaintiff hereby restates and realleges Paragraphs 1 through 62 of the Complaint as Paragraphs 1 through 62 of Count III, as though fully set forth herein.

63.   At all times relevant, Kevin Bachmann was an agent of Bachmann Farms and was acting in the scope of his employment just prior to and at the time of the Collision, and as such, his tortious conduct is imputable to Bachmann Farms under the doctrine of Respondeat Superior.

64.   At all times relevant, and specifically prior to and at the time of the Collision, Kevin Bachmann, in his capacity as an agent of Bachmann Farms, owed duties to the Plaintiff and to the public generally to operate the Bachmann truck with reasonable and due and in accordance with the driving regulations and laws of the State of Missouri and breached same, as fully set forth in paragraphs 38-48 and 50-60 above, which are expressly incorporated herein by reference.

65.   As a direct and proximate result of the careless and/or negligent acts or omissions of Bachmann Farm's agent, Mr. Bachmann, the Collision occurred and the Plaintiff sustained the damages alleged herein in the amount of $309,267.90.

65.   Thus, under the doctrine of Respondeat Superior, Bachmann Farms is liable for the careless and/or negligent act or omissions its agent, Mr. Bachmann, as alleged above.

WHEREFORE, the Plaintiff, NORTHLAND INSURANCE, as subrogee of J.D. DISTRIBUTING COMPANY, respectfully requests that this Honorable Court enter Judgment in its favor and against BACHMANN FARMS, INC., for an amount of $309,267.90 (including the $2,500.00 deductible) or in an amount which the jury determines to be the full and fair compensation for its losses, expenses, damages, and for the costs of this suit, and for all other relief that this Court deems just.

Respectfully submitted,

NORTHLAND INSURANCE a/a/o J.D.
Distributing Company


/s/ Steven M. Thompson
One of Plaintiff's Attorneys


Steven M. Thompson, Esq. (MO #61588)
Emilie G. Kaplan, Esq.
Matthew L. Chinski, Esq.
THOMPSON BRODY & KAPLAN, LLP
161 North Clark Street, Suite 3575
Chicago, Illinois 60601
Phone No. (312) 782-9320
Fax No. (312) 782-3787
E-Mail:  Thompson@tbkllp.com
E-Mail:  Kaplan@tbkllp.com
E-Mail:  Chinski@tbkllp.com